IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Revonda Lynn Abney, | ) | C/A No. 9:17-cv-00169-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Commissioner of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On December 7, 2017, Magistrate Judge Bristow Marchant issued a Report and Recommendation ("Report"), recommending that the decision of the Commissioner be affirmed. ECF No. 18. On December 21, 2018, Plaintiff filed objections to the Report, ECF No. 21, and the Commissioner filed a response to the objections on January 4, 2018, ECF No. 22. For the reasons stated below, the Court adopts the Report and affirms the decision of the Commissioner.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71. The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

1

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## BACKGROUND

Plaintiff applied for DIB and SSI on March 5, 2013, alleging disability as of January 19, 2013, due to multiple sclerosis. Plaintiff's applications were denied initially and upon reconsideration. On June 5, 2015, a hearing was held before an Administrative Law Judge ("ALJ"). The ALJ denied Plaintiff's claims in a decision dated June 29, 2015, finding that Plaintiff was not disabled within the meaning of the Act and had the ability to perform light work with limitations. The Appeals Council denied Plaintiff's request for review of the ALJ's decision,

making the determination of the ALJ the final decision of the Commissioner. Plaintiff filed this action on January 19, 2017.

## **DISCUSSION**

The Magistrate Judge recommends that the Court affirm the Commissioner's decision because it is supported by substantial evidence and the proper legal standards were applied. Plaintiff objects to the Report, advancing the same arguments raised in her initial brief in arguing that the Magistrate erred in finding that the ALJ: (1) properly assessed Plaintiff's residual functional capacity ("RFC"), (2) appropriately considered the opinion evidence of Nurse Practitioner Anne Geddes, and (3) properly considered Plaintiff's credibility. Plaintiff also argues the Magistrate erred in his discussion of any new evidence submitted to the Appeals Council.

*RFC*

Plaintiff argues that the Magistrate did not consider the evidence that Plaintiff needs to elevate her feet, that her condition waxes and wanes, and that she requires a walker in his determination that the ALJ properly assessed Plaintiff's RFC. However, in the Report, the Magistrate specifically addressed this argument and found that there was insufficient evidence in the record to support Plaintiff's claim. The Magistrate also noted that numerous medical records indicated that Plaintiff was able to engage in a wide range of physical activities and that her multiple sclerosis was stable. Thus, the Magistrate properly found there exists substantial evidence to support the ALJ's RFC assessment.

*Opinion Evidence*

Plaintiff next objects to the Magistrate's finding that the ALJ did not err in his assessment of Geddes's opinion evidence. Plaintiff argues that the ALJ erred in assigning Geddes's opinion little weight merely because she was an "unacceptable medical source" under the regulations at

the time. However, the Magistrate's Report provided several reasons in support of giving Geddes's opinion little weight, including the fact that Geddes's physical examinations of Plaintiff were largely unremarkable. Thus, the Magistrate properly determined that the ALJ's assessment of the relevant opinion evidence is supported by substantial evidence.

*Credibility*

Plaintiff asserts that the Magistrate erred in finding that the ALJ properly considered Plaintiff's credibility. Plaintiff seems to allege that the Magistrate summarily accepted the ALJ's consideration of Plaintiff's activities of daily living, routine and conservative treatment, and normal physical findings without any analysis with respect to Plaintiff's credibility. This is not the case. The Magistrate found that the ALJ properly considered Plaintiff's credibility consistent with the relevant caselaw. The Magistrate also noted that the ALJ discussed Plaintiff's testimony regarding her condition and then discussed the objective evidence available. The Magistrate found that the ALJ properly considered Plaintiff's testimony and the medical records in finding that she is able to perform light work with limitations. Upon review of the Report, the record, and the relevant caselaw, the Court agrees that substantial evidence supports the ALJ's credibility determination.

*New Evidence*

Finally, Plaintiff argues that the additional evidence submitted to the Appeals Council warrants remand and the Magistrate improperly assessed and drew inferences from the evidence submitted to the Appeals Council. As an initial matter, the Magistrate found that the Appeals Council's decision stated that it had considered additional evidence submitted by Plaintiff. Moreover, the Magistrate properly found that the additional evidence contained no additional medical reports or findings. Instead, they recited Plaintiff's diagnosis and symptoms, which were

4

already available in the record, and stated that Plaintiff "has been unable to maintain employment since her diagnosis." As discussed more fully in the Report, these statements do not constitute additional evidence.

## **CONCLUSION**

For the reasons set forth above, the Court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

March, 2018
Spartanburg, South Carolina